UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY LLANES,

Plaintiff,

-against-

NEW YORK STATE; NEW YORK DEPARTMENT OF EDUCATION; JANE DOE TEACHER #1, JANE DOE GOVERNMENT OFFICIAL #1; AND THE UNITED STATES GOVERNMENT,

Defendants.

26-CV-3908 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff Anthony Llanes, who is appearing *pro se*, brings this action under NY Administrative Code § 8-904. (ECF No. 1 at 3.) This Court liberally construes the complaint as asserting the claim under New York City Administrative Code § 10-1104, which creates a civil cause of action under the Victims of Gender-Motivated Violence Protection Law ("VGMVPL").[1] *See* N.Y.C. Admin. Code § 10-1104. The VGMVPL affords a cause of action for "any person claiming to be injured by a party who commits, directs, enables, participates in, or conspires in the commission of a crime of violence motivated by gender." *Id.* Plaintiff names as defendants: New York State; "New York Department of Education," which this Court understands to be the New York State Department of Education; Jane Doe Teacher #1; Jane Doe Government Official #1; and the United States Government. Plaintiff seeks (1) compensatory damages; (2) punitive damages; (3) costs and disbursements of this action; (4) attorney fees (if later retained); and (5)

[1] *See* N.Y.C. Admin. Code § 10-1104 ("Section amended and redesignated (formerly § 8-904) L.L. 63/2018 § 47, eff. Oct. 16, 2018").

declaratory relief. For the reasons set forth in this order, this Court dismisses the action for lack of subject matter jurisdiction.

**LEGAL STANDARD**

This Court must dismiss an IFP complaint, or portion thereof, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This Court must also dismiss a complaint when it lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). To review a complaint for plausibility, this Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* at 678-79. This Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678. After separating legal conclusions from well-pleaded factual allegations, this court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**PLAINTIFF'S COMPLAINT IS DISMISSED**

The following facts are drawn from the complaint.[2] When Plaintiff was approximately seven years old, he was sexually abused by a teacher employed within the New York State public school system. Plaintiff does not specify where this school was located. Plaintiff asserts that the "New York State Board of Education staff organized a torture room in the bathroom and used liquid toxic poisons to shove her hands in [his] mouth and pour these chemicals down [his] throat to cause burning inside [his] throat." (ECF 1 at 2.) Plaintiff contends that he was "sexually touched including the mouth area and forced fingers in [his] body[.]" (*Id.*)

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919 v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the

[2] This Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996). Here Plaintiff's claims do not arise under federal law. Therefore, this Court cannot exercise federal question jurisdiction of Plaintiff's Section 10-1104 state law claim.[3]

Plaintiff also does not allege facts demonstrating that this Court has diversity jurisdiction over this action. To establish jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is more than the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Plaintiff indicates in the complaint that both he and Defendants reside in New York, precluding complete diversity of citizenship.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). This Court declines to grant Plaintiff leave to amend because the defects in his complaint cannot be

---

[3] This Court offers no opinion regarding any claim Plaintiff may wish to bring under New York State law. Under the VGMVPL, survivors of sexual assault may file civil lawsuits for previously time-barred claims of gender-based violence within the 18-month revival window, which opened on January 29, 2026 and closes on July 29, 2027. *See* N.Y.C. Admin. Code § 10-1104.

cured with an amendment. Plaintiff does not allege any facts suggesting he can assert a claim in federal court. Accordingly, as leave to amend would be futile, this Court declines to provide it.

**CONCLUSION**

Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close the open motion at ECF No. 11 and enter a civil judgment in this action.

SO ORDERED.

Dated: AUG 0 4 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge